UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present          Not Present

**Proceedings:**    (IN CHAMBERS) – PETITIONER'S *EX PARTE* APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE (Dkt. 3, filed on March 20, 2026)

## I.    INTRODUCTION

On March 20, 2026, Marvin Joel Garcia-Amaya ("Petitioner") filed a petition for
writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and
injunctive relief against Pamela Bondi, Kristi Noem, Ernesto Santacruz, Jr., and James
Janecka (collectively, "Respondents").  Dkt. 1 ("Pet.").  Petitioner requests that the Court
order Petitioner's immediate release from custody or, alternatively, require Respondents
to release Petitioner unless they provide Petitioner with a constitutionally adequate bond
hearing pursuant to 8 U.S.C. §1226(a) within seven days.  See Pet. at 18.

The same day, Petitioner filed the instant *ex parte* application for a temporary
restraining order and a preliminary injunction.  Dkt. 3 ("App.").

On March 23, 2026, the Court enjoined Respondents from relocating Petitioner
outside the Central District of California until further order of Court.  Dkt. 6.  On March
25, 2026, Respondents filed a notice of non-opposition to Petitioner's *ex parte*
application for a TRO.  Dkt. 9 ("Non-Opp.").

Having carefully considered the parties' arguments and submissions, the Court
finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

## II.   BACKGROUND

Petitioner alleges the following in his petition, and Respondents do not contest Petitioner's allegations. <u>See generally</u> Non-Opp.

Petitioner first attempted to enter the United States on December 28, 2005, at or near Laredo, Texas.  Pet. ¶ 2.  He was apprehended and held in custody until he was expeditiously removed on February 4, 2006 under §235(b)(1) or 240 of the Immigration and Nationality Act (the "Act").  <u>Id.</u>

Petitioner was returned to Honduras, where he survived an attempted shooting.  <u>Id.</u> ¶ 3.

In April 2006, Petitioner entered the United States a second time without inspection, and he was not apprehended.  <u>Id.</u> ¶ 4.  He has remained in the United States since then.  <u>Id.</u>

In his 20 years in the United States since then, Petitioner has remained undetected largely due to the fact that he has been law-abiding.  <u>Id.</u> ¶ 5.  He has had no criminal history in the United States or anywhere else in the world.  <u>Id.</u>

Petitioner formed a life with a Legal Permanent Resident, Silvia Patricia Chavez Canizalez.  <u>Id.</u> ¶ 6.  He helped raise her three children who are United States citizens: Julio, who is 21 years old; Julissa, who is 15 years old; and Yeimi, who is 12 years old. <u>Id.</u>  Petitioner and Silvia Patricia Chavez Canizalez also recently had a child together, Marvin Elian Garcia Chavez, who was born in Colton, California on July 16, 2025, just a month after his father was taken into custody.  <u>Id.</u>  Due to his incarcerated status, Petitioner was unable to sign his child's birth certificate.  <u>Id.</u>

On June 13, 2025, Petitioner was racially profiled when he was pulled over by a masked man in an unmarked vehicle on his way to work.  <u>Id.</u> ¶ 7.  When Petitioner was stopped, the man told him they were "looking for someone" and asked him for his identification.  <u>Id.</u>  Petitioner presented his California Driver's License that was labeled with "Federal Limits Apply" (not a REAL ID).  <u>Id.</u>  The masked man then told him that they would "take him in anyways" (implying he was not the person he was looking for but would still take him in to custody).  <u>Id.</u>  Petitioner complied.  <u>Id.</u>  At the ICE field office, Petitioner was fingerprinted, and then it was discovered that Petitioner had a 2006

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

expedited removal order.  Id.  He was then processed for reinstatement of removal.  Id.  Petitioner's final order of removal was reinstated on June 13, 2025.  Dkt. 1-1, Ex. 6.  Petitioner was then transferred to the Adelanto Detention Facility in Adelanto, California, where he has remained for nine months.  Pet ¶ 7.

On July 7, 2025, Petitioner received a negative Reasonable Fear Determination, which was affirmed by the Immigration Judge on August 8, 2025.  Id. ¶ 8.  Petitioner filed a Petition for Review ("PFR") with the Ninth Circuit Court of Appeals on the same day with a request for a Stay of Removal (Case No. 25-5019, Garcia- Amaya v. Bondi).  Id.  The Ninth Circuit stayed Petitioner's removal pending further order of Court.  Id.  The PFR and stay remain pending before the Court of Appeals.  Id.

On February 11, 2026, due to his prolonged detention, Petitioner was entitled to a bond hearing under Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015).  Id. ¶ 9.  A bond hearing was held; however, Petitioner was not afforded adequate due process during this hearing.  Id.

If he is not released, Petitioner, who has been separated from his family and unable to provide for or care for his wife and children, will suffer irreparable harm.  Id. ¶ 11.

**III.    LEGAL STANDARD**

"Ex parte applications are permitted solely for extraordinary relief.  Whether to grant them is within the discretion of the district court."  Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017).  To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

that an injunction is in the public interest." <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009); <u>see also</u> <u>Cal Pharms. Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." <u>Bernhardt v. Los Angeles Cty.</u>, 339 F.3d 920, 926 (9th Cir. 2003) (quoting <u>Republic of the Philippines v. Marcos</u>, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

**IV.    DISCUSSION**

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention. <u>See</u> <u>Mission Power</u>, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

> **A.    Petitioner is Likely to Succeed on the Merits as to his Unlawful Detention Claim**
>
> 1.    Substantive Due Process

Petitioner argues that his current detention violates his due process rights under the Fifth Amendment and is unlawful under 8 U.S.C. § 1231 and <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). App. at 18-20. <u>Zadvydas</u> established a presumption that following the beginning of the removal period under 8 U.S.C. § 1231, it is "presumptively reasonable" for the Government to detain a noncitizen for six months while the Government works to remove that person from the United States. <u>Id.</u> at 682. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." <u>Id.</u> at 701.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

Here, it appears that Petitioner is detained pursuant to 8 U.S.C. § 1226 as opposed to 8 U.S.C. § 1231 because the Ninth Circuit has stayed his removal pending its final order on his Petition for Review; thus, the removal period has not begun.  8 U.S.C. § 1231(a)(1)(B)(ii).  Accordingly, Petitioner is not likely to succeed on his claim based on Zadvydas v. Davis, 533 U.S. 678 (2001).

2.      Procedural Due Process

Petitioner argues that the bond hearing he was provided pursuant to Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), was inadequate because the Immigration Judge failed to apply the correct legal standard in denying bond and thus violated his due process rights.  App. at 20-21.

Respondents do not address Petitioner's argument and do not oppose Petitioner's application for a temporary restraining order.  Non-Opp. at 2.

When a noncitizen is subject to "prolonged detention" under 8 U.S.C. § 1226, "the government must prove by clear and convincing evidence that the detainee is a flight risk or a danger to the community to justify the denial of bond."  Rodriguez v. Robbins, 804 F.3d 1065 (9th Cir. 2015), rev'd on other grounds, Jennings v. Rodriguez, 583 U.S. 281, 314 (2018).  Here, Petitioner states that in denying bond, the Immigration Judge issued a one-line order stating only "Risk of Flight" without articulating the legal standard or any evidentiary basis for the Immigration Judge's decision.  App. at 21.  Petitioner argues that the Immigration Judge's order precludes meaningful review of Petitioner's denial of bond.  Id.

Given that Respondents do not contest Petitioner's allegations or oppose Petitioner's request for a temporary restraining order, the Court concludes that Petitioner is likely to succeed on the merits of his procedural due process claim.

**B.      Petitioner is Likely to Suffer Irreparable Harm**

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury.  If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation."  Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023).  Here, the Court finds that Petitioner "establishe[s] a likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

### C.   Balance of Equities and the Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The government has a significant interest in the enforcement of its immigration laws. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention that is likely in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

### D.   Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

### E.   Appropriate Relief

Given that Respondents do not oppose Petitioner's request for a temporary restraining order, the Court finds that it is appropriate to grant Petitioner's immediate release from custody.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01341-CAS-AYP | Date | March 26, 2026 |
|---|---|---|---|
| Title | Marvin Joel Garcia-Amaya v. Pamela Bondi et al. | | |

2. Respondents shall not re-arrest or re-detain Petitioner pursuant to 8 U.S.C. § 1226 without providing Petitioner with a constitutionally adequate bond hearing within 7 days of any such re-arrest.

3. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case.

4. Petitioner shall not relocate outside of the Central District of California pending final resolution of this case.

5. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing. The parties' briefing on a preliminary injunction should address the extent to which the granting of this TRO renders the preliminary injunction request and the habeas petition moot.

6. Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |